## Dare v. Henderson

*George Kunkel*, for plaintiffs.
*Bruce E. Cooper*, for defendants.

KREIDER, J., February 16, 1959.—We have before us plaintiffs' motion for approval of arbitrators' award, which was filed under section 1 of the Act of June 13, 1957, P. L. 302, which amended the old Arbitration Act of June 16, 1836, P. L. 715, by adding

thereto section 34.1, 5 PS §58.1. The effect of sustaining this motion would be to strike off an appeal filed by C. W. Henderson, one of defendants, from an award made in favor of plaintiffs and against Henderson and Hazel L. Lauver in the amount of $777.96. The latter did not appeal. Plaintiffs contend Henderson's appeal is fatally defective because his recognizance in support thereof was not filed until one and one-half months after the appeal period of 20 days had expired and therefore plaintiffs say their motion must be sustained. The docket entries in this case show the following:

June 2, 1958—Award of arbitrators filed.

June 19, 1958—Appeal from the award of the board of arbitrators filed in behalf of C. W. Henderson, defendant no. one, filed with appeal affidavit.

June 19, 1958—Costs $50.70 paid, plus $100 appeal.

August 5, 1958—A bond on appeal of arbitration award filed.

September 8, 1958—Motion for approval of arbitrators' award filed.

It will be noted that the recognizance was filed August 5, 1958, more than one month *before* plaintiffs' motion for approval of arbitrators' award was filed and that by that time appellant Henderson had done everything required by the arbitration act to perfect his appeal. Plaintiffs contend, however, that Henderson was too late in filing his recognizance and that this was a defect which could not be remedied. We cannot agree. The record shows, as above stated, that Henderson filed his appeal and paid $50.70 costs which had accrued and in addition $100 to reimburse the county for the arbitrators' fees within the appeal period. Furthermore, he filed the recognizance in question one and one-half months thereafter, which in turn was a month and three days before plaintiffs filed the instant motion for approval of the arbitrators' award. We think

plaintiffs have not suffered any substantial harm and that under all the circumstances in this case, to deny Henderson the right of appeal and a trial by jury would impose an undue hardship upon him and would not be in accord with the spirit of the decision of the Supreme Court of Pennsylvania in the Smith Case, 381 Pa. 223, 230, 231 (1955). See also Stanley Distributing Co. v. Fetterhoff, 69 Dauph. 60 (1956), and Latsha v. Lahr, 27 Northumb. 156 (1955).

Consequently, we are constrained to dismiss plaintiffs' motion and to allow the appeal. It is so ordered.